IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAKE BYLSMA, | : | Civil No. 1:23-CV-00038 |
| Plaintiff, | : | |
| v. | : | |
| MARK MASEMER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion filed by Defendant Kristyne Crist ("Crist") to dismiss the claim for malicious prosecution that Plaintiff Jake Bylsma ("Bylsma") has brought against her. (Doc. 15.) For the reasons stated below, the court will grant the motion to dismiss.

### BACKGROUND

The facts underlying this suit relate to a visit which Bylsma made to the Adams County Courthouse in Gettysburg, Pennsylvania on January 8, 2021. (Doc. 1, ¶ 10.) According to the complaint, Bylsma went to the courthouse with audio and video recording equipment to engage in citizen journalism. (*Id.* ¶¶ 10–11.)

Bylsma spoke with Defendant Mark Masemer ("Masemer"), who was working as Director of Security, longer than Masemer wanted. (*Id.* ¶¶ 2, 13–14.) Defendant Rick Neeley ("Neeley") prevented Bylsma from electronically recording the events which ensued. (*Id.* ¶¶ 3, 17.) Defendants Neeley and Samuel

Shipley ("Shipley") "physically took Bylsma to the floor, seizing him, and placing him under arrest." (*Id.* ¶¶ 4, 16.)

Bylsma alleges that Masemer had requested for Shipley to confront and arrest Bylsma "in part on the belief that videotaping in the entranceway to the courthouse was legally forbidden, because of the content of Bylsma's speech to him, and because Masemer did not want Bylsma to continue his citizenship newsgathering." (*Id.* ¶ 20.) Based on Shipley's allegations, Bylsma was charged with three misdemeanors: institutional vandalism in violation of 18 Pa. Cons. Stat. § 3307(a)(3), defiant trespass in violation of § 3503(b)(1)(i), and disorderly conduct in violation of § 5503(a)(4). (*Id.* ¶¶ 22–23.)[1]

The charges for institutional vandalism and defiant trespass were dismissed or withdrawn prior to trial. (*Id.* ¶ 24.) The disorderly conduct charge was downgraded to a summary offense, for which Bylsma was convicted on May 18, 2022, in the Adams County Court of Common Pleas. (*Id.* ¶¶ 24, 26.) Bylsma appealed his conviction, and his appeal is currently pending in the Superior Court of Pennsylvania. (*Id.* ¶ 26.)

---

[1] *Commonwealth of Pennsylvania v. Jake Douglas Bylsma*, was originally docketed as MJ-51301-CR-0000010-2021 and then docketed in the Adams County Court of Common Pleas at CP-01-CR-223-2021. (Doc. 1, ¶ 22.)

The complaint alleges that "[t]he charges against Bylsma were prosecuted at trial by Kristyne M. Crist, now or formerly a Deputy Attorney General working for the Pennsylvania Office of Attorney General." (*Id.* ¶ 27.)[2]

On January 9, 2023, Bylsma filed a five-count complaint in this court. (Doc. 1.) In part, the complaint alleges that Defendants violated Bylsma's constitutional rights by infringing on his freedom of speech, using excessive force, unlawfully arresting him in retaliation of his lawful practice of citizen journalism, and maliciously prosecuting him. (*Id.* ¶¶ 35-63.) This last claim, for malicious prosecution, is the only claim Bylsma brings against Crist and is the subject of the instant motion. (*Id.*; Doc. 15.)

Crist filed the instant motion to dismiss on May 28, 2023. (Doc. 15.) The parties have briefed the motion, which is ripe for disposition. (Docs. 16, 22, 23.)

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] Bylsma's complaint also asserts facts questioning the legitimacy of state prosecutors in general and Crist in particular in prosecuting Bylsma. (Doc. 1, ¶¶ 28–34.) Although Bylsma has raised that issue in his appeal to the Superior Court, these allegations appear to have no significance with respect to Bylsma's malicious prosecution claim against Crist.

3

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

Crist argues that the malicious prosecution claim against her must be dismissed because Bylsma cannot establish the second element of such a claim, that the proceedings against him ended in his favor. (Doc. 16, p. 4.)[3] A malicious prosecution claim under § 1983 requires five elements:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (citation omitted).

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

The Supreme Court has held that, to establish the second element, "a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022). *Thompson* resolved a split whereby the Third Circuit and others had required a plaintiff to show "some affirmative indication of innocence" to establish the second element. *Id.* at 41. The Court held that no such affirmative indication was required. The Court's opinion in *Thompson* abrogated the Third Circuit's 2009 opinion in *Kossler v. Cristanti* to the extent that the latter required the plaintiff to show innocence in addition to the lack of a conviction. *See id.* at 41–43, 49 (citing *Kossler v. Cristanti*, 564 F.3d 181, 186–87 (3d Cir. 2009)).

Crist argues that Bylsma fails to establish the second element because he was convicted of disorderly conduct and therefore cannot establish a "favorable termination." (Doc. 16, p. 6 (citing *Allen v. Smith*, 2020 WL 206322, at *6–7 (E.D. Pa. April 29, 2020) (holding that plaintiff could not establish favorable termination where he pleaded guilty to one charge and the others were *nolle prossed*); *Piazza v. Lakkis*, 2012 WL 2007112, at *9–10 (M.D. Pa. June 5, 2012) (holding that, where a plaintiff was convicted for the same conduct that underlies his malicious prosecution claim, he cannot establish favorable termination)).)[4]

---

[4] In *Piazza*, the court concluded that the plaintiff's guilty plea related to conduct "wholly separate from the unlawful behavior triggering the criminal charges and a claim of malicious prosecution." 2012 WL 2007112, at *10. Because the conduct was wholly separate, his guilty

5

It is undisputed that Bylsma was convicted of the summary offense of disorderly conduct and that his conviction is currently pending before an appellate state court. Crist argues that Bylsma's conviction precludes him from establishing favorable termination and asserts that it makes no difference that Bylsma's conviction is not for one of the charges originally brought against him. (Doc. 16, p. 16.)

Bylsma argues that, despite his conviction, he has adequately pleaded favorable termination for his underlying charges of institutional vandalism, defiant trespass, and misdemeanor-level disorderly conduct. (Doc. 22, p. 3.) Bylsma points to a recent non-precedential opinion by the Third Circuit, which acknowledged circuit precedent regarding the third element that "[f]or malicious prosecution, probable cause on one charge 'does not foreclose a malicious prosecution cause of action' as to a separate charge which lacks probable cause." *Alburg v. Jones*, 2023 WL 2823895, at *3 (3d Cir. Apr. 7, 2023) (quoting *Harvard v. Cesnalis*, 973 F.3d 190, 199 n.3 (2020).

The court is not persuaded that this principle, regarding the third element of malicious prosecution, applies to the present instance, in which the court addresses the second element. The court is aware of no reason to think that *Thompson*

---

plea did not preclude him from establishing favorable termination on his malicious prosecution claims, which related to distinct conduct. *Id.*

6

abrogated the portion of *Kossler* which emphasized the distinction between these two elements:

> Yet [the Plaintiff] argues that we should analyze the favorable termination element exactly as we analyzed the probable cause element in *Johnson*. We do not agree with that approach. The favorable termination element and the probable cause element are distinct requirements that a malicious prosecution plaintiff must satisfy to prevail and therefore should not be conflated.

564 F.3d at 193. More importantly, in *Alburg*, the court noted the following:

> *Thompson* did not address whether a proceeding can ever terminate in a plaintiff's favor when the prosecution did not end without a conviction on every charge. *Kossler* left open the possibility that even when a plaintiff is convicted on one charge but not the other, a court may still hold that the criminal proceeding favorably terminated if the charged offenses "contained distinct statutory requirements" and "aimed to punish two different sets of conduct."

*Alburg*, 2023 WL 2823895, at *3 n.13 (quoting *Kossler*, 564 F.3d at 191).

Bylsma argues that the court should follow the same approach that it took in *Bentler v. Nederostek*, 2023 WL 3510822 (M.D. Pa. May 17, 2023) (Mannion, J.). In *Bentler*, the court agreed with the conclusion of the panel in *Alburg* that an important part of *Kossler* remained after the Supreme Court's partial abrogation in *Thompson*. *Id.* at *4. Before *Thompson*, the court in *Kossler* had instructed that, "[w]hen the circumstances—both the offenses as stated in the statute and the underlying facts of the case—indicate that the judgment as a whole does not reflect the plaintiff's innocence, then the plaintiff fails to establish the favorable termination element." *Kossler*, 564 F.3d at 181. The court in *Bentler* concluded

that, post-*Thompson*, what remained of *Kossler* was "a two-part inquiry to determine whether the plaintiff's criminal prosecution terminated in his favor when he was convicted of some but not all charges." *Bentler*, 2023 WL 3510822, at *4.

Without further guidance or binding precedent to the contrary, the court will apply this approach. The first step of the inquiry is to analyze the statutory offenses to determine the relationship between the "offenses of conviction and acquittal" to see whether they "involved lesser-included offenses or shared common elements." *Id.* (citing *Kossler*, 564 F.3d at 188–89). The second step is to review the facts, drawn from the complaint at the motion to dismiss phase, to determine whether the conviction was "predicated on the same factual basis as the charges" for which Bylsma achieved a favorable outcome. *Id.* at *4–5; see also Kossler*, 564 F.3d at 189.

Under Pennsylvania law for defiant trespass, "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor[.]" 18 Pa. Cons. Stat. § 3503(b)(1)(i). As for disorderly conduct, "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." § 5503(a)(4). Such an offense is a "misdemeanor of the

third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense." § 5503(b). As for institutional vandalism, "[a] person commits the offense of institutional vandalism if he knowingly desecrates, as defined in section 5509 (relating to desecration or sale of venerated objects), vandalizes, defaces or otherwise damages . . . [any] courthouse." § 3307(a)(3).

      Looking at the charges, defiant trespass and institutional vandalism do not share any common elements with summary disorderly conduct. As Bylsma argues, defiant trespass requires no "public inconvenience, annoyance or alarm, or recklessly creating a risk thereof" as required by the disorderly conduct statute. (Doc. 22, p. 9 (citing § 5503(a)(4)).) Instead, it is generally committed when someone enters or remains where they are "not privileged to remain after notice of trespass is given." (*Id.* (quoting *Pennsylvania v. Hagan*, 654 A.2d 541, 546 (Pa. 1995)).) Similarly, institutional vandalism requires desecration, defacement, or similar damage to physical objects, which are not elements of disorderly conduct. (*Id.* (citing § 3307).) Therefore, in this first step of the analysis, Bylsma is not precluded from establishing a favorable outcome on the dismissed or withdrawn charges.

Bylsma argues that the court should reach a similar outcome regarding the disorderly conduct charge. He posits that, although he was convicted, he should be able to pursue malicious prosecution with respect to the misdemeanor charge of disorderly conduct because its higher graded requires "substantial harm or serious inconvenience, or if . . . persist[ing] in disorderly conduct after reasonable warning or request to desist," which is not present in the summary violation. (*Id.* (quoting § 5503(a)(4)).) But the statutory language shows that Bylsma's summary conviction was a lesser included offense of his initial misdemeanor charge. *See Kossler*, 564 F.3d at 189 n.5 (noting that, while in that instance, the court was "not faced with lesser-included offenses," it observed that "overcharging in that context does not usually result in a subsequent malicious prosecution action"). Therefore, in accordance with *Kossler*, Bylsma's disorderly conduct charge cannot form the basis of his malicious prosecution claim.

For step two of the analysis, the court must look to the underlying conduct which the charges sought to punish. *Id.* at 189. The complaint does not explicitly describe what conduct formed the basis of the charges against him, let alone what conduct was associated with which charges.

Although Bylsma did not attach it to his complaint, he now includes and requests the court to consider the original police criminal complaint brought against him including the affidavit of probable cause. (Doc. 22, p. 10; Doc. 22-1.)

10

The Third Circuit has concluded that, "generally, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *Doe v. Princeton U.*, 30 F.4th 335, 342 (3d Cir. 2022) (cleaned up) ("But where a document is 'integral to or explicitly relied upon in the complaint,' it 'may be considered without converting the motion to dismiss into one for summary judgment' under Rule 56.").

Bylsma does not argue that the criminal complaint was integral to his complaint, nor did he explicitly rely upon it. (*See* Docs. 1, 22.) But Crist makes no objection to its inclusion at this stage. (Doc. 23.) And the criminal complaint, and the affidavit of probable cause together form the charging document from which Bylsma's malicious prosecution claim stems. Therefore, in this instance, the court deems the police criminal complaint integral to Bylsma's complaint insofar as it underlies the charges which are the basis of his malicious prosecution claim.

Regarding this second step, Bylsma argues that the institutional vandalism charge seeks to punish distinct conduct occurring in a different time and place. (Doc. 22, p. 10.) He argues that this charge "does not even pertain to his presence in the courthouse." (*Id.*) Instead, "[w]hile in custody at the Sheriff's Office in a holding cell it was discovered that while in the cell [Bylsma] had climbed up on the bench and removed a cover from the fire suppression system for the cell

11

resulting [i]n subject also being charged" with institutional vandalism. (Doc. 22-1, p. 5.) The court will assume for the time being, without so finding, that this conduct is sufficiently distinct to establish a different factual basis from that underlying the disorderly conduct charge. Therefore, at this motion to dismiss stage, the court concludes that Bylsma plausibly pleads element two of malicious prosecution with respect to his institutional vandalism charge.

Bylsma does not argue, let alone point to supporting facts alleged in the complaint, that his defiant trespass charge was based on a different factual basis than his conviction. Based on the complaint, the conduct for both charges stems from Bylsma's confrontation and arrest at the courthouse. Therefore, the court finds that the defiant trespass charge sought to punish the same conduct as the disorderly conduct conviction. Therefore, Bylsma cannot bring his malicious prosecution claim for defiant trespass on this basis.

Lastly with respect to the second element, Bylsma argues that the court should uphold his claim based on the original misdemeanor disorderly conduct charge because the misdemeanor charge "has a different punishment aim, to wit, restraining qualitatively more serious breaches of the peace or prolonged action even in the face of a request to stop." (Doc. 22, p. 10.) Bylsma misunderstands the *Kossler* analysis that he has urged the court to utilize. The second step of the two-step analysis is not re-analyzing the statutory text from a policy vantage point.

Instead, it is to assess the underlying conduct of the plaintiff for which he was charged and to assess whether that is the same conduct for which he was ultimately convicted.  *See Kossler*, 564 F.3d at 189; *Bentler*, 2023 WL 3510822, at *4.

Bylsma admits that the incident at the courthouse was the basis for the charges brought against him for disorderly conduct.  He was convicted of disorderly conduct, presumably based on the same underlying facts. Therefore, based on the second step instructed in *Kossler*, Bylsma cannot establish the favorable outcome element of his malicious prosecution claim based on his original disorderly conduct misdemeanor charge.

Having explained why Byslma cannot establish the second element of his claim with respect to the disorderly conduct or defiant trespass charges, the court must address one final matter.  Although Bylsma has plausibly pleaded the second element of malicious prosecution with respect to the institutional vandalism charge, his claim still fails.

Under Third Circuit precedent, a malicious prosecution claim brought under § 1983 requires a showing of personal involvement on the part of the defendant. *Kossler*, 564 F.3d at 189 (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  But in this instance, the only personal involvement which Bylsma has alleged is that Crist "prosecuted [him] at trial."  (Doc. 1, ¶ 27.)  That prosecution only related to the "downgraded charge of Disorderly Conduct."  (*Id.* ¶ 25.)

13

Therefore, Bylsma fails to allege any personal involvement on the part of Crist except for the one charge for which he admits he cannot currently bring a malicious prosecution claim.

## CONCLUSION

For the reasons stated herein, the court will grant Crist's motion to dismiss the malicious prosecution claim against her. An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: December 27, 2023